# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRYAN KANU,
Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
Defendants.

Case No. 1:19-cv-156
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

## I. Introduction

Proceeding pro se, plaintiff Bryan Kanu brings this action against several City of Cincinnati and Hamilton County, Ohio officials alleging violations of his civil rights. He names as defendants the City of Cincinnati; the Cincinnati Police Department, District 4; the Office of the City of Cincinnati Prosecutor (collectively the "City defendants"); and the Hamilton County Court of Common Pleas and the Office of the Hamilton County Prosecutor (collectively the "County defendants"). (Doc. 4)

This matter is before the Court on the City defendants' motion to dismiss/motion to stay under *Younger* (Doc. 20), the County defendants' motion for judgment on the pleadings/motion to stay under *Younger* (Doc. 31), plaintiff's responses in opposition (Docs. 26, 33), and the City and County defendants' reply memoranda (Docs. 27, 34). Plaintiff has also filed a motion for leave to amend his complaint to add new defendants. (Doc. 42). The City and County defendants have filed responses in opposition to plaintiff's motion to amend, and plaintiff has filed a reply memorandum. (Docs. 44, 45, 46). This matter is also before the Court on plaintiff's motion to strike. (Doc. 35).

## II. Allegations of the complaint

Plaintiff brings claims for monetary damages under 42 U.S.C. §§ 1983, 1985, and 1986, the Ohio Constitution, and various other state laws. (Doc. 4 at 2-3). Plaintiff's allegations stem from alleged civil rights violations culminating in state court proceedings in Case No. 17-CRB-17911 (Hamilton County Municipal Court), Case No. 17 CRB-16366 (Hamilton County Municipal Court), and Case No. B1800225 (Hamilton County Court of Common Pleas).

Plaintiff alleges that the County defendants conspired against him by "[k]nowingly using an unlawfully issued temporary order of protection to obtain an indictment against [him] on or around January 16, 2018" in Case No. B1800225. (*Id.* at 4). Plaintiff alleges that the temporary order of protection was obtained in violation of an Ohio statute governing procedures for obtaining temporary orders of protection. (*Id.* at 4-5). Plaintiff alleges that the temporary order of protection that had been "unlawfully issued" was concealed from him at the January 26, 2018 arraignment. (*Id.*). As a result of the "unlawfully issued" temporary order of protection and subsequent indictment, plaintiff alleges that the County defendants intimidated him from "discharging his duty as the witness and victim of the crimes." (*Id.* at 6). For example, plaintiff alleges that he was forced to undergo a competency to stand trial evaluation. (*Id.* at 7). Plaintiff alleges that the County defendants concealed evidence relevant to his innocence and made false statements during the proceedings. (*Id.*). Plaintiff alleges the concealed evidence included a county writ showing that the temporary order of protection was issued on July 7, 2017, when the county claimed that it was served on plaintiff on June 29, 2017. (*Id.* at 8-9).

Plaintiff alleges that County officials and former Magistrate Michael Bachman knew that the temporary order of protection was unlawfully issued because it had not yet been properly served, but nevertheless consented to the arrest and detention of plaintiff on July 1, 2017 for

violating the protection order, forming the basis for Case No. 17-CRB-17911. (*Id.* at 12). Plaintiff alleges that the City defendants, by and through Cincinnati Police Officer Todd Ploehs, worked with the County defendants to conspire against him in January 2018 by obtaining a warrant for his arrest in Case No. B1800225. (*Id.* at 26-27). Plaintiff alleges that the City defendants knew that the protection order was unlawfully issued and conspired with the County defendants to conceal the writ proving that plaintiff was not properly served with legal process on the protection order. (*Id.* at 26, 32).

### III. Rule 12 Standards

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports,*

3

*Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**IV. The City Defendants' Motion to Dismiss (Doc. 20)**

The City defendants contend that a federal court must abstain from hearing a case when parallel state court criminal proceedings are pending. They also argue that dismissal of the complaint is warranted due to its patent deficiencies. The City defendants argue that plaintiff has not alleged an unconstitutional policy or practice that would subject the City to liability under § 1983. (Doc. 20 at 5). The City defendants also contend that plaintiff has not pled sufficient facts to state a claim of civil conspiracy under 42 U.S.C. § 1985. (*Id.* at 6). The City defendants further allege that they are entitled to tort immunity pursuant to the Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.02, because the actions pleaded by plaintiff are governmental functions. (*Id.* at 7-9). Finally, the City defendants contend that the Cincinnati

4

Police Department and Cincinnati Prosecutor's Office do not have the legal capacity to be sued. (*Id.* at 10).

The *Younger* abstention doctrine "derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). Under the doctrine, federal courts "should abstain from deciding a matter that implicates pending state criminal proceedings." *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004). Abstention is appropriate when three factors are satisfied: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989)). *See also Gonnella*, 115 F. App'x at 771-72.

The party seeking to avoid abstention has the burden to establish state proceedings are inadequate. *Goodwin v. County of Summit, Ohio*, 45 F. Supp. 3d 692, 701 (N.D. Ohio 2014) (citing *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007); *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). Plaintiffs must show that state law "*clearly bars* the interposition of the constitutional claims" to avoid abstention. *Id.* (citing *Am. Family*, 498 F.3d at 334 (emphasis in original) (quoting *Squire*, 469 F.3d at 556) (further citation and quotation marks omitted); *Middlesex County Ethics Comm. v. Garden State B. Ass'n*, 457 U.S. 423, 432 (1982) (where pending state proceedings implicate important state interests, "a federal court should abstain 'unless *state law clearly bars* the interposition of the constitutional claims'")).

5

If the three requirements for abstention are met, the case should be dismissed or stayed unless plaintiff can show that one of the exceptions to *Younger* abstention applies. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). The burden is on plaintiff to show an exception to *Younger* abstention applies. *Goodwin*, 45 F. Supp. 3d at 702 (citing *Squire*, 469 F.3d at 552) (citation omitted)). The general exceptions to *Younger* abstention include "bad faith, harassment, or flagrant unconstitutionality." *Id.* (citing *Squire*, 469 F.3d at 552). Courts as a general rule have narrowly interpreted these exceptions. *Id.* (citing *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986); *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (collecting cases)).

The City defendants assert that plaintiff's claims related to the City include: (1) June 15, 2017 misdemeanor criminal charges signed by Cincinnati Police Officer Todd Ploehs for telecommunication harassment (*State v. Kanu*, Hamilton County Municipal Court, Case No. C/17/CRB 16366), and (2) a January 8, 2018 felony criminal charge for menacing by stalking signed by Cincinnati Police Officer Todd Ploehs (*State v. Kanu*, Hamilton County Court of Common Pleas, Case No. B1800225). (Doc. 20 at 2). The City defendants present evidence that plaintiff was convicted of the June 15, 2017 telecommunication harassment offense after a trial, but plaintiff has filed an appeal, which remains pending. (*Id.*) (citing Exh. A). The City defendants present evidence that the January 8, 2018 menacing by stalking charge has not yet gone to trial. (*Id.*) (citing Exh. B). In his complaint, plaintiff admits that Case No. B1800225 is pending in the Hamilton County Court of Common Pleas and Case No. 17-CRB-16366 is pending on appeal in the Ohio First District Court of Appeals. In a recent memorandum in

opposition to plaintiff's motion to file an amended complaint, the City defendants maintain that both of these proceedings are ongoing. (Doc. 44 at 3).

The Court concludes that the three factors supporting *Younger* abstention are met here with respect to the claims brought against the City defendants. First, the criminal proceedings that allegedly gave rise to the civil rights violations alleged by plaintiff remain pending in state court. Plaintiff primarily alleges that the City defendants relied on an unlawful order of protection when Officer Todd Ploehs charged plaintiff with a felony for menacing by stalking in January 2018 in Case No. B1800225. However, the menacing by stalking charge has not yet gone to trial. Throughout his allegations relating to the City, plaintiff briefly alludes to Case No. 17/CRB/16366, in which he received misdemeanor charges for telecommunications harassment in June 2017, although it is unclear to the Court whether or not he brings any civil rights claims related to these misdemeanor charges. (*See* Doc. 4 at 30, 42). In any event, plaintiff's conviction on the misdemeanor charges for telecommunications harassment remains pending on appeal in state court. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (the Court looks to whether the state court proceeding was pending when the federal complaint was filed; a state court proceeding remains pending until state appellate remedies have been exhausted).

Second, plaintiff's ongoing criminal proceedings implicate important state interests, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, plaintiff has not shown that the state criminal proceedings cannot provide an opportunity for him to raise any constitutional claims. The federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm*, 44 F.3d at 420 (citing *Pennzoil Co.*, 481 U.S. at 15). "There is no allegation in the Complaint or other showing by [p]laintiff from which this Court could infer that he would be

7

barred from raising in state court the constitutional claims he raises here." *Profit v. City of Shaker Heights*, No. 1:18-cv-1223, 2019 WL 315092, at *4 (N.D. Ohio Jan. 23, 2019) (citing *Penzoil*, 481 U.S. at 14) (it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims) (citation omitted)). Therefore, because plaintiff's claims against the City defendants relate to state court criminal proceedings that remain pending, abstention under *Younger* is appropriate.

Once the Court decides that *Younger* abstention applies, it must determine whether to stay the case or dismiss it without prejudice. *Goodwin*, 45 F. Supp. 3d at 704-705 (citing *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007)). The proper course of action depends on whether the plaintiff seeks damages or equitable relief. *Id*. at 705 (citing *Nimer*, 707 F.3d at 702). Where the plaintiff seeks an equitable remedy, the district court can exercise its discretion to dismiss the federal action without prejudice. *Goodwin*, 45 F. Supp. 3d at 705 (citing *Louisville Country Club v. Ky. Comm'n on Human Rights,* 221 F.3d 1335 (Table), 2000 WL 921015, at *1 (6th Cir. June 26, 2000)). The district court must stay a case where the complaint seeks only money damages. *Goodwin*, 45 F. Supp. 3d at 704-705 (citing *Nimer*, 707 F.3d at 702; *James v. Hampton*, 513 F. App'x 471-72, 478 (6th Cir. 2013)). Where the plaintiff seeks both a legal remedy and an injunction of the state proceedings, the federal lawsuit must be stayed rather than dismissed. *James*, 513 F. App'x at 478.

Plaintiff here seeks legal relief against the City defendants in the form of monetary damages. (Doc. 4 at 44). Therefore, a stay rather than dismissal of his federal claims is the proper course of action. For reasons of judicial economy, the Court declines at this juncture to determine whether plaintiff's claims against the City defendants should be dismissed under Fed. R. Civ. P. 12(b)(6). The Court should deny the City defendants' motion to dismiss plaintiff's

claims under Rule 12(b)(6) without prejudice subject to refiling once the state criminal proceedings have concluded and the stay is lifted.

**V. The County Defendants' Motion for Judgment on the Pleadings/Motion for Stay (Doc. 31)**

The County defendants argue that this Court should abstain under *Younger* pending the conclusion of the state court criminal proceedings. (Doc. 31 at 12-13). The County defendants agree with the City defendants that the Court should abstain from hearing plaintiff's claims related to the January 2018 menacing by stalking charge (Case No. B1800225) because criminal proceedings are ongoing. (Doc. 31 at 3). The County defendants also argue that plaintiff's claims against them should be dismissed on the basis of absolute prosecutorial immunity, absolute judicial immunity, and qualified immunity. (*Id.* at 5-9). The County defendants also argue that the named defendants—the Hamilton County Prosecutor's Office and the Hamilton County Court of Common Pleas are not *sui juris* and therefore do not possess the capacity to be sued in this matter. (*Id.* at 9-10). The County defendants also argue that plaintiff has failed to sufficiently plead the existence of a conspiracy to state a claim for relief under 42 U.S.C. § 1985(3). (*Id.* at 11).

**A. The Court should abstain under *Younger* in relation to plaintiff's claims against the County defendants for the January 2018 menacing by stalking charge (Case No. B1800225).**

In addition to the City defendants, plaintiff also brings claims against the County defendants in relation to the January 2018 charge for menacing by stalking in Case No. B1800225. (Doc. 4 at 22). As stated above, this case is pending trial in state court. Therefore, consistent with the above, abstention under *Younger* is appropriate for plaintiff's claims related to Case No. B1800225. A stay rather than dismissal of plaintiff's federal claims related to Case No. B1800225 is the proper course of action. The Court should deny in part the County

9

defendants' motion for judgment on the pleadings under Rule 12(c) without prejudice subject to refiling once the state criminal proceedings related to Case No. B1800225 have concluded and the stay is lifted.

**B. Plaintiff's claims against the County defendants related to the July 1, 2017 criminal misdemeanor charge (Case No. 17-CRB-17911) should be dismissed.**

Plaintiff brings claims against the County defendants in relation to Case No. 17-CRB-17911 in which he was charged with a misdemeanor for violating the civil protection order on July 1, 2017. From what the Court can discern, plaintiff primarily argues that the County wrongfully charged him with violating the protection order because he had not been properly served with process. (*See* Doc. 4 at 8-9). The County defendants state that this case was dismissed for want of prosecution on September 20, 2018. (Doc. 31 at 3). Because state court proceedings in Case No. 17-CRB-17911 have ended, a stay under *Younger* is not warranted. Therefore, the Court considers whether the County defendants should be granted judgment on the pleadings on plaintiff's claims for relief related to Case No. 17-CRB-17911.

To the extent plaintiff alleges that the Office of the Hamilton County Prosecutor violated his rights, plaintiff's complaint fails to state a claim for relief. Plaintiff's complaint against the Hamilton County Prosecutor is in reality an official capacity suit against Hamilton County, the entity of which the defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a

claim for relief under § 1983 against a county, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Counties and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that Hamilton County violated his constitutional rights pursuant to a policy or custom of the County. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of county liability. *See Monell,* 436 U.S. at 693-94.

In addition, plaintiff's allegations are insufficient to state a claim for relief against the Hamilton County Court of Common Pleas. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See also Phillips v. City of Cincinnati*, No. 1:18-cv-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (holding that the Hamilton County Court of

11

Common Pleas is not sui juris). Therefore, the complaint fails to state a claim for relief against the Hamilton County Court of Common Pleas.

Accordingly, plaintiff's claims against the Hamilton County Court of Common Pleas and Hamilton County Prosecutor's Office in relation to Case No. 17-CRB-17911 should be dismissed.

**VI. Plaintiff's Motion to Amend should be denied for failure to comply with Fed. R. Civ. P. Rule 8(a).[1]**

Plaintiff has also filed a motion for leave to amend his complaint to name the following defendants: City of Cincinnati, County of Hamilton, Michael L. Bachman, Todd Ploehs, Jonathan Rengering, Jon Vogt, Joseph Deters, Zachary Garrison, Joseph Prem, Elizabeth Polston, Robert Vick, Stacy Lefton, Robert Schrimpf, Jason Handley, Hamilton County Deputy Sheriff Hrynak, Dan Blanton, and Hamilton County Courthouse. (Doc. 42).

Plaintiff's proposed amended complaint contains 131 pages of rambling factual allegations. Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a), which provides that the complaint contain a "short and plain statement of the claim." It is difficult for the Court to ascertain all of the defendants or whether the proposed amended complaint contains factual allegations against each party named in the list of defendants. Moreover, because of its length, level of detail, and the over-inclusive nature of plaintiff's factual allegations stemming from multiple incidents involving the civil protection order that he complains of, plaintiff's proposed amended complaint is simply too voluminous and unfocused to meet the requirements of Fed. R. Civ. P. 8. "When a pleading is so verbose as to be indecipherable, the complaint may be

---

[1] Plaintiff previously filed 10 motions to either supplement or amend his complaint. In his most recent motion to amend, plaintiff alleges that the proposed amended complaint (Doc. 42) "clearly separates each count the Plaintiff intends to recover on its own subsection," thereby combining each of the previously filed motions to amend into one motion. (Doc. 42 at 5). Therefore, the previously filed motions to amend (Docs. 9, 16, 19, 28, 29, 30, 36, 38, 39, 41) should be denied as **MOOT**.

dismissed for failure to comply with the Federal Rules of Civil Procedure." *Shabazz v. Xerox*, No. 1:14-CV-578, 2014 WL 4181600, at *3 (S.D. Ohio Aug. 21, 2014) (and cases cited therein). Because plaintiff's proposed amended complaint fails to comply with Fed. R. Civ. P. 8, plaintiff's motion for leave to amend should be **DENIED**. In light of this recommendation, plaintiff's motion to supplement his proposed amended complaint (Doc. 51) should be **DENIED** as **MOOT**.

**VII. Plaintiff's Motions to Access ECF System**

Plaintiff requests permission from this Court to obtain access to the electronic case filing ("ECF") system. (Doc. 7). Plaintiff also requests permission from this Court to receive service of filings by email through ECF. (Doc. 8). Plaintiff's motions are **DENIED.** Plaintiff's voluminous and frequent filings in the litigation thus far do not demonstrate that he can abide by the Court's ECF policies and procedures, the Local and Federal Civil Rules, and the requirements of the registration form attached to his motion.

**VIII. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that:

1. The City defendants' motion to dismiss/motion to stay (Doc. 20) should be **GRANTED** insofar as the City defendants move to stay plaintiff's claims related to Case No. B1800225 and Case No. 17-CRB-16366. The Court should abstain from exercising its jurisdiction over all claims against the City defendants related to Case No. B1800225 and Case No. 17-CRB-16366, and plaintiff's claims related to these cases should be **STAYED** pending the conclusion of the state court criminal proceedings.

2. The County defendants' motion for judgment on the pleadings/motion to stay (Doc. 30) should be **GRANTED** insofar as the County defendants move to stay plaintiff's claims

13

related to Case No. B1800225. The Court should abstain from exercising its jurisdiction over all claims against the County defendants related to Case No. B1800225, and plaintiff's claims related to these cases should be **STAYED** pending the conclusion of the state court criminal proceedings. The County defendants' motion for judgment on the pleadings should be **GRANTED** insofar as the County defendants move to dismiss plaintiff's claims related to Case No. 17-CRB-17911.

3. Plaintiff's motion for leave to amend (Doc. 42) should be **DENIED**.

4. Plaintiff's motion to supplement his proposed amended complaint (Doc. 51) should be **DENIED** as **MOOT**.

5. Plaintiff's motions to amend/supplement his complaint (Docs. 9, 16, 19, 28, 29, 30, 36, 38, 39, 41) should be **DENIED** as **MOOT**.

It is **ORDERED** that:

1. As the Court has determined that the County defendants' motion for judgment on the pleadings should be granted, subject to the above recommended conditions, plaintiff's motion to strike the County defendants' reply memorandum to plaintiff's memorandum in opposition to the motion for judgment on the pleadings (Doc. 35) is **DENIED as MOOT**.

2. As the docket reveals that all named defendants have been served with process, plaintiff's motion to amend proof of service (Doc. 11) is **DENIED** as **MOOT**.

3. Plaintiff's motions to access the ECF system (Docs. 7, 8) are **DENIED**.

Date: 10/29/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN KANU,
    Plaintiff,

vs.

CITY OF CINCINNATI et al.,
    Defendants.

Case No: 1:19-cv-156
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).